## Commonwealth, For Use of Hickman County v. Richmond.

(Decided June 11, 1912.)

### Appeal from Hickman Circuit Court.

1. Health—Members of County Board—Compensation—Section 2055, Kentucky Statutes—Act of March, 1904.—Since the enactment of the act of March, 1904, amending section 2055, Kentucky Statutes, 1903, members of a county board of health are not entitled to compensation for their services as such members.

2.   Health—Members of County Board of Health—Compensation—
     Illegal Payment Of—Recovery.—The fiscal court being without
     authority to allow members of the county board of health com-
     pensation for their services, such allowances are void, and may
     be recovered in an action by the Commonwealth for the use and
     benefit of such county. ·

3.   Limitation—Fiscal Court—Unauthorized Allowance By—Action to
     Recover.—Where the fiscal court without authority allows com-
     pensation to a member of the local board of health, the county
     may recover only such sums as were actually paid him within five
     years next preceding the institution of the action.

J. D. VIA, J. M. BRUMMAL, JR. for appellant.

MOORMAN & WARREN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

Appellee, W. W. Richmond, was a member of the
Hickman County Board of Health during the years 1904,
1905, 1906, 1907 and 1909. During these years he pre-
sented to the fiscal court claims against the county for
services rendered in quarantining and fumigating the
premises of persons having smallpox, diphtheria and
other contagious diseases. These claims were allowed
by the fiscal court. The following is a statement of the
amount of his claims for each of these years, and the
dates when the allowances were made:

| Date. | Amount. |
|---|---|
| April 5, 1904 | $110.00 |
| October 4, 1904 | 80.00 |
| April 4, 1905 | 171.00 |
| October 3, 1905 | 60.00 |
| April 5, 1906 | 20.00 |
| October 4, 1906 | 50.00 |
| April 5, 1907 | 5.00 |
| April 5, 1909 | 70.00 |

Charging that appellee, W. W. Richmond, was a regu-
larly practicing physician of and resided in Hickman
County, and during all of said years was a member of
the local board of health of that county, and as such
presented the foregoing claims to the fiscal court for serv-
ices claimed to have been rendered by him as a member
of the county board of health, and that the allowances
were made by the court without authority of law, and the

orders making such allowances were therefore, void, the Commonwealth of Kentucky, for the use and benefit of Hickman County, brought this action against Richmond to recover the amounts above set out, together with interest from the time of payment. In addition to charging that the payments were made without authority from anyone, the petition further charges that the services were rendered without authority from the county board of health. By amended petition, it was charged that the allowances were made by the fiscal court under the belief that the services were authorized by the county board of health, but as a matter of fact the services were not performed by order of that board, and that plaintiff did not know or discover that fact within the last past five years, and could not have done so by the exercise of reasonable diligence. It is further alleged that the allowance of $60 made at the October, 1905, term of the fiscal court was not paid until October, 1906, and that the allowance of $20, made at the April, 1906, term of the fiscal court, was not paid until October 1, 1907.

A demurrer was sustained to the petition as amended, and the petition dismissed. The Commonwealth appeals.

If, as a matter of fact, there was authority of law, for paying appellee for the services rendered, and if the validity of the claims in question depended solely on whether or not the services were rendered by order of the board of health, a matter with respect to which the fiscal court had the right to, and doubtless did, here evidence, then the orders making the allowances were not void, and the county having failed to appeal from these orders, it would now be without relief, under the authority of Commonwealth of Kentucky, for use of Hickman County v. J. R. Scarborough, 148 Ky., 561, decided May 28, 1912. If, however, the statute in force during the time that the services were rendered by appellee contained no authority for compensating members of the county board of health for such services, then the allowances made by the fiscal court were without authority and void, and a recovery can now be had.

Until amended by the act of March 18, 1904, section 2055, relating to county boards of health, their appointment, term of office, powers and duties, compensation, etc., contained the following provision:

"And the local board shall receive such compensation for such services as the county court in which the local

board is established shall, in their discretion, determine." Kentucky Statutes, 1903, section 2055.

Under this statute, it was held that local boards were entitled to a fair compensation for their services, and that the county court could be compelled to make a reasonable allowance. Stevens v. Allen, 19 R., 1707, 44 S. W., 386. But from section 2055, as amended by act of March 18, 1904, the foregoing provision with reference to the compensation of the local boards of health was omitted, and in lieu thereof it was provided that "the local board shall receive no compensation for such services." Section 2055, Kentucky Statutes, 1909. It follows, therefore, that since the act of March 18, 1904, took effect, members of local boards of health are not entitled to any compensation for their services as such members. That being true, the orders of the fiscal court making the allowances for such services rendered since that time are void, and the county is entitled to recover the sums so paid, with interest from the date of payment. The trial court, therefore, erred in sustaining the demurrer to the petition.

In view of the fact that suit was not instituted until August 18, 1911, the county, on a plea of the statute of limitations, will be entitled to recover only such sums as were actually paid within five years next preceding the institution of the action. Clark, et al. v. Logan Co., et. al., 138 Ky., 676.

Judgment reversed, with directions to overrule the demurrer to the petition.