## Shipp, for Use, etc. v. Bradley, et al.

## Shipp, for Use, etc. v. Rodes, et al.

(Decided June 12, 1925.)

Appeals from Fayette Circuit Court.

1.  Taxation—Statute Held Not to Dispense with Requirement that
    Sheriff's Settlement of Taxes Collected shall be Filed with County
    Court, though it may have been Made Directly with Fiscal Court.
    —Ky. Stats., section 1884, relating to collection of taxes by sheriff
    and requiring settlement to be made directly with fiscal court,
    held not inconsistent with section 4146 requiring such settlement
    to be filed in county court, and hence does not dispense with re-
    quirement that settlement when made shall be filed with county
    court and spread on its records, although it may have been made

directly with fiscal court instead of some person appointed for purpose as directed in section 4146.

2. Taxation—Settlement of Sheriff's County Revenue Account Including School Fund Made with Fiscal Court Held Not to Constitute "Settlements" Required by Statutes.—Purported settlements made with fiscal court of sheriff's county revenue account including school fund which were nothing more than a list of amounts collected by sheriff as taxes and what he had paid out; and did not include any sum retained by himself as commissions, and which were not recorded in county court, held not to constitute settlements, required by Ky. Stats., section 1884, and section 4146.

3. Taxation—Settlement of Sheriff's Account of Taxes Collected can be Made Only with Fiscal Court.—Settlement of sheriff's accounts of taxes collected can only be made with fiscal court, in view of Ky. Stats., section 1884, dispensing with appointment of person to settle with sheriff as required by section 4146.

4. Counties—Petition in Taxpayer's Suit to Recover for County from Former Sheriffs Commissions for Collection of Taxes Held Not Demurrable on Ground Stated.—In taxpayer's suit to recover for county from former sheriffs commissions for collecting county and state taxes, and other fees in excess of $5,000.00 yearly compensation allowed by Constitution, section 246, court erred in sustaining defendant's demurrer to petition on ground that, if sheriffs' settlements with fiscal court had been properly made, it would not affect relief sought only to extent of commissions for collection of local taxes retained by sheriffs, and would not affect excess compensation sought to be recovered as fees and other sources of income of the office.

5. Counties—Taxpayer Suing to Recover Sheriff's Commissions for Collecting Taxes Not Required to Allege that there was an Appointed Person with whom Sheriffs could Settle, and that they had Refused to do so.—In taxpayer's suit to recover for county from former sheriffs commissions for collecting county and state taxes, and other fees in excess of $5,000.00 yearly compensation allowed by Constitution, section 246, plaintiff was not required to allege that there was an appointed person with whom sheriffs could settle, and that they had refused to do so, in view of Ky. Stats., sections 1884, 4146, fixing fiscal court before whom defendants should make their settlements.

6. Counties—Allegation Held Unnecessary in Taxpayer's suit to Recover Sheriffs' Commissions for Collecting Taxes.—In taxpayer's suit to recover for county from former sheriffs commissions for collecting county and state taxes, and other fees in excess of $5,000.00 yearly compensation allowed by Constitution, section 246, allegation that there was an appointed person with whom sheriffs could settle, and that they had refused to do so, was unnecessary in order to recover for failure to observe requirements of sections 932 and 4147 relating to collections of money due

county by sheriff not only from taxation, but from all other sources.

7. **Sheriffs and Constables—Sheriffs and Sureties are Not Immune from Being Charged with Aggregate Amount of Allowances Made by Fiscal Court.**—Though sheriffs and their sureties may be immune from an action to recover allowances made by orders of fiscal court, they are not immune from being charged with aggregate amount thereof, and when correct amounts necessary to compensate requisite number of deputies is ascertained, there should be added to that amount $5,000.00 to which sheriff was entitled, and allowances so made by fiscal court to sheriff should be charged to him in satisfaction of aggregate amount for himself and deputies.

8. **Counties—Amounts Other than Allowances Made by Fiscal Court Collected by Sheriff from Whatever Sources would be Due County.**—Where aggregate allowances made by fiscal court to sheriff were scarcely more than sufficient to pay sheriff his salary and compensation due his deputies, all other amounts collected by him from whatever sources would be due county.

9. **Counties—Taxpayer Not Required to File List of Taxable Property Coming Into Hands of Sheriff in Suit to Recover Sheriffs' Commissions for Collecting Taxes.**—In taxpayer's suit to recover for county from former sheriffs commissions for collecting county and state taxes, and other fees in excess of $5,000.00 yearly compensation allowed by Constitution, section 246, plaintiff was not required to file a list of taxable property as returned by county assessor or tax commissioner, as well as other taxable property from other sources that come into hands of sheriff where plaintiff only sought to require sheriff to account to county for moneys actually collected by him, and alleged settlements filed by sheriff only purported to show taxes actually collected and disbursed.

10. **Counties—Taxpayer Held Not Entitled to Recover Against Fiscal Court for Failure to Require Sheriff to Make Settlements of Taxes Collected by Him.**—In taxpayer's suit to recover for county from former sheriffs commissions for collecting county and state taxes and other fees in excess of $5,000.00 yearly compensation allowed by Constitution, section 246. plaintiff held not entitled to a recovery against members of fiscal court for failure to require sheriffs to make settlements required by statute, especially where court sustained a demurrer to paragraph seeking such recovery and dismissed it without prejudice; and such judgment was not appealed from.

11. **Courts—Courts should Not Permit Technicalities to Interfere with Enforcement of Law, but Declared Rules of Procedure should be Substantially Followed.**—While courts and all others charged with duty of enforcing law as it is declared should be ever ready to do so, and not to permit immaterial technicalities to obstruct or defeat original public purposes, declared rules of procedure should be substantially followed.

12. Counties—Commissions Paid by State to Sheriffs for Collecting State Revenues, Should be Considered with Fees Earned by Sheriffs as Strictly County Officers.—In taxpayer's suit to recover for county from former sheriffs commissions for collecting county and state taxes, and other fees in excess of $5,000.00 yearly compensation allowed by Constitution, section 246, commissions paid by state to sheriffs in remuneration for collecting state revenues should be taken into consideration along with other fees and commissions earned by them in discharge of their duties as strictly county officers.

13. Sheriffs and Constables—Sheriff is Not an Officer of the State.— Sheriff is not an officer of the state.

N. B. HAYS for appellant.

HUNT, NORTHCUTT & BUSH for appellee Bradley.

HUNT, NORTHCUTT & BUSH and GEORGE C. WEBB for appellee Rodes.

GEORGE C. WEBB for appellees members of fiscal court.

HUNT, NORTHCUTT & BUSH and HUMPHREY, CRAWFORD & MIDDLETON for appellee National Surety Company.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing the judgments in favor of Bradley and Rodes and their sureties, and affirming the one in favor of the members of the fiscal court.

This is the second appeal of the above two cases. The opinion on the first one is reported in the case of Shipp v. Bradley, 196 Ky., 523. A reading of that opinion will disclose that the two principal questions decided were: that the provisions of section 246 of our Constitution limiting the maximum salaries of public officers to $5,000.00, independent of the compensation of legally authorized deputies and assistants, is self-executive; and that plaintiff in these two cases, Paul E. Shipp, as a citizen and taxpayer of Fayette county, could maintain the suits against sheriffs or ex-sheriffs of the county under the facts disclosed in his pleadings and shown in that opinion. Other questions are dealt with in the opinion, but the above two were the principal ones presented and determined. Upon the filing in the trial court of the mandate from this one plaintiff began the filing of numerous amended petitions and, as it would seem, not to be outdone, attorneys for the various defendants, who were two ex-sheriffs of the county (Bradley and Rodes), their sureties in their official and revenue bonds, and members

of the fiscal court during their administrations, filled the
record with demurrers and almost every conceivable kind
of motion known to the practice, such as to paragraph,
make more specific, file exhibits, etc., and to render the
record more complicated each side engaged in moving
to set aside former interlocutory orders, and when such
motion would be acted on, other action looking to nullify-
ing it was taken until the record became so confused that
the court on motion of some of the defendants directed
the pleadings to be reformed by the filing of a substituted
petition, which was done in eleven paragraphs, and then
the process of making similar motions was again inau-
gurated.   Amended substituted pleadings were filed and
the confusion again reached practically the same stage
that it occupied when the original substituted pleading
was filed, and the record now before us is so complicated
and involved as to render it difficult to understand or
comprehend.   Each of the records in the two appeals,
which were considered together, was similarly made up
and they present the same questions.   A disposition of
one will, therefore, dispose of the other.   We will, there-
fore, confine the opinion principally if not entirely to
the Bradley case, which, because of such similarity, will
also dispose of the Rodes case.

It will be found from a reading of our former opin-
ion that this suit was filed for the purpose of recovering
from the two sheriffs the excess of all of their fees, al-
lowances and commissions while in office, above the maxi-
mum salary of $5,000.00 *and* reasonable compensation for
their necessary deputies, which excess, as well as of what
it consisted, was set out in each case in the substituted
petition and its amendments, *i. e.,* the amount of commis-
sions from county and school taxes collected for the year
in question, and for which recovery was sought; the
amount of commission paid by the state to the sheriff
for collecting the state revenue for that year; all allow-
ances made by the fiscal court to the sheriff for that year
in the way of salary or otherwise; the fees for executing
process, and every other source of compensation were set
out and the aggregate amount stated for each year.
There was no fixed sum stated in the pleading for com-
pensation for a reasonable number of deputies, since
there is no statute limiting such amount, nor any statute
fixing the number of deputies; but it was averred gener-
ally that the sheriff had collected from all sources as

fees and compensation for services in his office a named sum for each year in which a recovery was sought, which the pleader alleged constituted the excess above the constitutional salary and reasonable compensation for a reasonable number of deputies. Some complaint is made because the plaintiff did not fix a sum as being the reasonable amount of compensation for the required number of deputies; but under the state of the law on that subject we are convinced that he could render his pleading no more specific than he did on that subject.

In disposing of the case we shall not attempt to do but little more than express our conclusions, for to follow the wide range taken in briefs and to discuss and dispose of all of the collateral questions referred to therein, or to attempt to differentiate the various opinions relied on as authority for the multiplicity of contentions would render this opinion a treatise on the law of sheriffs as well as to require the expounding of the meaning and effect of divers and sundry sections of our statutes, and would result in rendering the opinion far beyond reasonable limits as well as entail upon us almost unlimited labor.

In recording our conclusions we will consider the three branches of each case separately, i. e., the case against the sheriffs, the one against their sureties and the one against the members of the fiscal court who were made defendants; but some portions of what we shall say in disposing of the case against the sheriffs will likewise be applicable to the other two branches of the two cases, and none of that will be more than referred to in considering and disposing of those branches. We will, therefore, at once proceed to determine—

### The Case Against the Sheriffs.

The learned trial judge sustained a demurrer to the first nine paragraphs of the substituted petition and which related mainly to the recovery sought against the sheriffs, and it seems that he was induced to do so from his construction of sections 1884 and 4146 of our present statutes. He had previously overruled the demurrers to those paragraphs but later became convinced that he was in error and set aside the overruling order and sustained the demurrers, and plaintiff declined to plead further and his petitions were dismissed. Section 1884 of the statutes provides for the execution by the sheriff of his

annual revenue bond as collector of all taxes, which shall be done before the county judge, and when done to be recorded in that court and kept by the county court clerk. A provision in that section reads: "And he (the sheriff) shall annually settle his accounts with the court of claims or fiscal court as such collector, and may be required to settle oftener, in the discretion of said court, by order entered of record, a copy of which shall be served on the officer." The section then directs what the settlement shall show, both as to charges against the sheriff and disbursements made by him, and then prescribes that the settlement shall be published at least two weeks in a paper published in the county having the greatest circulation, but if none, then to be published by written or printed handbills posted at designated places. That section, as it now appears in the statutes, was enacted in 1910, while section 4146, as it now appears (and which is a part of the chapter relating to revenue and taxation) was enacted in 1906, but was originally a part of chapter 103, Acts of 1891-2-3, and so much of it as is relevant to this case is: "Each sheriff or collector shall, when required by the fiscal court, settle his accounts of county or district taxes, and at the regular October term of each year the fiscal court shall appoint some competent person other than the Commonwealth's or county attorney to settle the accounts of the sheriff or collector of money due the county or district. The report of such settlement shall be filed in the county clerk's office, and be subject to exceptions by the sheriff or collector or county attorney who shall represent the Commonwealth and county, and the county court shall try and determine such exceptions." The trial court held that there was an irreconcilable inconsistency between the excerpts we have taken from those two sections and that the last enacted one (1884) should prevail to the extent of the inconsistency, under the doctrine that its later enactment repealed inconsistent provisions in section 4146, and we are inclined to agree with him in that conclusion. But we do not agree with his conclusion as to the inconsistent portion of section 4146 with the provisions of section 1884 and which were impliedly repealed by the enactment of the latter section. The court held that the inconsistent and, therefore, repealed portion of section 4146 was that part of it requiring the report of settlement to be filed and recorded in the county court clerk's office with the right of

filing exceptions to it, since it was his conclusion that section 1884 provided for the same to be recorded on the orders of the fiscal court and not on any order book or record of the county court. As stated, we cannot subscribe to that construction, since the only provision in section 1884 which would seem to conflict with any provision in section 4146 is that the settlement provided by the former section shall be made "with the court of claims or fiscal court" instead of with some person appointed by the court, as is required by section 4146. In the latter section the person so making the settlement is required to file it in the county court with the consequence above set out, while section 1884 requires the settlement to be made directly with the fiscal court and contains nothing inconsistent with that report having to be filed with and recorded in the county court as provided by section 4146. In other words, we do not interpret section 1884 as dispensing with the requirement that the settlement when made shall be filed with the county court and spread upon its records, although it may have been made *directly* with the *fiscal court* instead of with some person appointed for the purpose as directed in section 4146.

Upon motion of defendants plaintiff was required to file certain records of the Fayette fiscal court for the years in question which purported to be settlements made with that court of the sheriff's county revenue account, including the school fund for the county. According to our view they did not measure up to the type of settlements required by either of the sections referred to, but they did show the amount of taxes collected by the sheriff and also credited him by every cent that he collected without any commission whatever allowed to him. In other words, those purported settlements were nothing more than a list of the amounts collected by the sheriff in the way of taxes and what he had paid out, the aggregate of those amounts not including any sum whatever retained by himself in the way of commissions or otherwise. They were not recorded in the county court where exceptions might be filed to them, but only in the fiscal court, and under the doctrine of the case of Commonwealth v. Mackey, 168 Ky. 58, and others referred to therein, they were no settlements at all, because they were not recorded in the court or in the way and manner required by the prevailing statute.

We have said this much concerning those two sections as a foundation for our conclusion that the court was in error in sustaining the demurrers and dismissing the petition as to the sheriffs. He was induced to do so under the doctrine of Davis v. Commonwealth, 139 Ky. 334, 107 S. W. (Ky.) 306, and other cases from this court holding that where a legal and valid settlement was made by the sheriff it could not be attacked except in an action to surcharge it, and that plaintiff's pleadings were not sufficient for that purpose, although the trial court also held that if there had been *no* settlement made by the sheriffs the pleadings were sufficient to sustain this independent action by alleging that they had refused to make the required settlement. Some of the cases referred to, *supra,* say that in order to sustain the independent action against the sheriff and his sureties *when no settlment has been made* there must be an averment that there was a person or functionary in existence with whom he is required to settle but with whom he failed to do so. Here, under our interpretation, the only functionary that could settle with the two sheriffs in this case was the fiscal court itself, since the enactment of section 1884, under our interpretation, *supra,* dispensed with the appointing of a person to settle with the sheriff as was required by section 4146 before the enactment of the former section in 1910. It will, therefore, appear that the trial court was in error in sustaining the demurrer as against the two officers because of the reason hereinbefore stated.

We are furthermore of the opinion that he was likewise in error in sustaining the demurrer upon still another ground, which is: if the settlements had been properly made then that fact would not affect the relief sought in this case *only* to the extent of *excessive commissions* for collection of local taxes retained by the two sheriffs, and would not affect the excess compensation sought to be recovered as composed of fees and other sources of income to the office.

It will, therefore, appear that under our construction of the two sections of the statute referred to, the purported settlements not having been made or recorded according to law were not required to be surcharged under the doctrine of the cases, *supra,* and that the county through plaintiff, its representative, may maintain this independent action and is not required to follow the practice pointed out by those cases, if and where a

valid settlement had been made. Neither was it necessary for plaintiff to allege (though he did so as found by the trial court) that there was an appointed person with whom the sheriffs could settle and that they had refused to do so, since the statutory law upon the subject fixed the tribunal (the fiscal court) before whom defendants should make their settlements. Nor was such an averment necessary in order to recover for failure to observe the requirements of sections 932 and 4147 of the statutes which relate to the payment and to the report of collections of money due the county by the sheriff, not only arising from taxation, but from all other sources. If, however, such an allegation was necessary in a suit to recover for a violation of any of those sections it was made in plaintiff's pleadings in this case.

But it is insisted that plaintiff as the representative of the county may not recover either as against the sheriff or any of the other defendants any part of the *allowances* made by orders of the fiscal court of Fayette county, since the remedy in such case is an appeal from the order or orders of allowances to the circuit court, and in substantiation of that contention the cases of Hickman County v. Scarborough, 148 Ky. 561; Commonwealth v. Richmond, 148 Ky. 849; Mills v. Lantrip, 170 Ky. 81, and Owen County v. Walker, 141 Ky. 516, are relied on. It would no doubt be true that if the allowances made by the fiscal court to the sheriffs in these cases were the only matters involved the judgment dismissing the petition was correct. It perhaps would not be so, however, if only the fixed salaries of the sheriffs were involved, since in that case there would be no discretion on the part of the fiscal court as to the amount it would allow the sheriff for his services, but inasmuch as he should be allowed his fixed salary plus an unfixed compensation for his reasonable number of deputies, we think the question as to the right to recover herein any part of the allowances made by the fiscal court and set out in the amended substituted petition is squarely within the doctrine of the cases referred to.

However, neither the sheriffs nor their sureties, notwithstanding they may be immune from an action against them to recover these allowances, are exonerated from being charged with the aggregate amount of them, and when it shall be ascertained the correct amounts necessary to compensate the requisite number of deputies

there should be added to that the sum of $5,000.00 to which the sheriff was entitled, and the allowances so made by the fiscal court to the sheriff should be charged to him in satisfaction of the aggregate amount for himself and deputies. The aggregate allowances made by the fiscal court in these cases were scarcely more than sufficient, if indeed enough, to pay the sheriff his salary and the compensation due to his deputies, and all other amounts collected by him from whatever source would be due the county. It is, therefore, apparent that the court was in error in sustaining the demurrers filed by the sheriffs.

## The Surety Companies.

What we have said in disposing of the cases against the sheriffs largely applies to those against their sureties. However, the latter made a motion to require plaintiff to file a list of taxable property as returned by the county assessor or tax commissioner as well as all other taxable property from other sources that came into the hands of the sheriff each of the years involved, which plaintiff declined to do, and for that reason also his petition was dismissed as against the sureties.

A sufficient ground for overruling that motion is, that neither of these actions seeks a recovery against the sheriffs for a *failure* to collect taxes on any property liable to taxation. It is only sought in plaintiff's pleadings to require the sheriff to account to the county for moneys *actually* collected by him, and the so-called settlements that plaintiff was required to and did file only purport to show taxes actually collected and disbursed. If there should be a future effort to charge the sheriffs for failures to collect and to hold their sureties on their official bonds for such defalcations, it might then become necessary for plaintiff to allege and exhibit the amount of taxable property that was delivered to the collectors upon which they should make their collections; but there being no effort in these cases to recover any such item no right existed on the part of any of the defendants to require such lists to be filed. Neither does the reference made in our former opinion in these cases as to the right of plaintiff to recover against the surety companies apply here, since we have found that no settlements were made by the sheriffs as provided by law, and, therefore, there could be no payments made by the fiscal court to

either of them *after settlements made.* We, therefore, conclude that the court was in error in dismissing the petitions as against the surety companies.

### THE MEMBERS OF THE FISCAL COURT.

There seems to have been incorporated in the substituted petition two paragraphs (10 and 11) relating to the liability of the members of the fiscal court of Fayette county. As best we can construe plaintiff's pleadings paragraph 10 sought a recovery against the members of that court because of failures of the court to require the sheriff to make various settlements required of him by different sections of the statutes, and under paragraph 11 of the substituted petition recovery of the amounts involved was sought against the members of the fiscal court who voted for the allowances made to the sheriff and to which we have hereinbefore referred. As to the latter ground of recovery, the case of Mills v. Lantrip, *supra,* and others announcing the same doctrine are applicable and clearly disallow this independent action against the members of the fiscal court, therefor. In addition to the foregoing, the court sustained a demurrer to paragraph 11 and amendments thereto on the 15th day of September, 1923, and dismissed it without prejudice. That judgment is not appealed from. The only one from which this appeal is prosecuted was rendered April 11, 1924, long after the expiration of sixty days (one term of a continuous court) from the time when the court dismissed paragraph 11.

Neither are we of the opinion that plaintiff's allegations are sufficient to charge the members of the fiscal court as was attempted to be done in paragraph 10 of his substituted petition. We will not lengthen the opinion by elaborating that question but will content ourselves with saying that the pleadings failed to point out a neglect of mandatory duty on the part of members of the fiscal court. At best it can only be construed as alleging a failure to discharge discretionary duties. We, therefore, conclude that the petition and its amendments as well as those substituted were properly dismissed as to the members of the fiscal court.

These actions involve questions in which the public is vitally interested. They have been pending since November, 1921, and their purpose is to enforce what was considered at the time an important constitutional public

policy.  The courts and all others charged with the duty of enforcing the law as it is declared, or written, should be ever alert to do so and to not permit immaterial technicalities to obstruct or block or defeat the original public purposes; nevertheless, the declared rules of procedure should be substantially followed.  We have endeavored to do that in this somewhat skeleton opinion and have also endeavored to determine the material, essential and vital questions involved in accordance with such rules of procedure, and at the same time to observe the rights of all parties concerned.  After all, the issues are narrow and simple and resolve themselves into the single inquiry: Whether the sheriffs collected, while in office, from all sources going to make up the sum total of the emoluments of the office more than the maximum limit fixed by the Constitution?  More than one statute requires the officer to perform the simple duty of recording all moneys collected by him in the way of fees, commissions or otherwise, and it is a simple task for him to observe the requirements of those sections.  It would be an equally simple one for him to keep track of such collections if there were no statutes requiring it, and it is impossible for us to discover any extraordinary burden cast upon the individual defendants requiring them to answer and disclose the exact nature and extent of their actions and doings with reference to the matters involved.

Another question presented is: Who is entitled to credit by commissions earned by the sheriffs in the collection of the state revenue?  It might be said that it is not before us on this hearing; however, the Commonwealth filed its petition and came into the case and in the final judgment appealed from it was given time within which to object and except.  It is made an appellee here, and in addition, we now have as one of the statutes of the state what is known as the "Declaratory Judgment Law," and under the circumstances, we have concluded that inasmuch as the cases are of the nature above stated and have been pending for nearly four years, it would be nothing amiss to express our views upon the above question.

At the time of the rendition of our former opinion the Commonwealth had not come into the case, but notwithstanding that, we broadly intimated therein on pages 536-37 of 196 Kentucky, that the county would be entitled

to the commissions earned by its sheriff in the collection of the state revenue in excess of what might be necessary to discharge his salary and reasonable compensation for his necessary deputies. It was stated therein, *inter alia*: "It has been held by many courts that fees received by a sheriff, as such, for services rendered within the limits of his county, in excess of the maximum compensation per annum allowed by law, shall be paid to the county treasurer for the use and benefit of the county." Numerous cases are cited on page 536 in substantiation of that statement, and following them it is said: "But in many of those cases there is a distinct recognition of the rule that the sheriff is a county and not a state officer, and in discharging the duties imposed upon him by law he acts on behalf of the county, and the fees collected, in excess of that allowed him under the law, belong, by reason of his official position, to the county. Thus it has been held that in receiving and depositing the state's money the sheriff discharges in behalf of the county an obligation resting upon *it* and that he could include such collections in his report to the county; also, that he is accountable to the county for fees received by him from the state for conveying prisoners to the penitentiary."

Supplementing what was therein said, it might be observed that the sheriff is not an officer of the state. Under the existing law he is selected by statute the collector of the state's revenue in the county of which he is an officer. Any other person could be selected by statute to perform those same duties. If the state desires to contribute to the compensation of a selected county officer for the performance of services rendered to it we fail to see wherein any claim might arise in its behalf for any excess compensation earned by that particular officer. On the contrary, it appears to us as more consonant with reason that the state in such cases aids the county in contributing to the compensation of that particular office and that the county should reap the benefit of such contributed compensation rather than the state should have the right to recoup any portion of it. Moreover, the state's portion of the taxes levied and collected in each county is paid by the citizens of that county. It demands of them as their proportion of its estimated revenue a net sum after deducting cost of collection. It never had any interest in that cost and, manifestly, if the collecting officer is not entitled to retain it then the persons who paid it

would have a superior equity over citizens of other counties in the state, who would receive indirect benefit of it if the state were entitled to any part of such excess payments. It is, therefore, our opinion that in the final trial of these cases the commissions paid by the state to the two sheriffs in remuneration for collecting the state's revenues should be taken into consideration along with other fees and commissions earned by the sheriffs in the discharge of the duties of their office as strictly county officers.

Wherefore, the judgment dismissing the plaintiff's cause of action against the sheriffs (Bradley and Rodes) and as against their sureties are each of them reversed, but the judgment dismissing the actions as to the members of the fiscal court is affirmed, and the court is directed to set aside the dismissals as to the sheriffs and their sureties and to proceed in accordance with this opinion.