## Shipp, for Use, etc. v. Doak, et al.

(Decided December 8, 1925.)

### Motion for Contempt Rule.

1.  Compromise and Settlement—Court Not Inclined to Depart from Policy of Encouraging Agreement Among Adversaries.—Court of Appeals is not inclined to depart from the policy of encouraging rather than discouraging, agreement among adversaries.

2.  Contempt—Settlement Between Sheriffs, Bondsmen, and Fiscal Court, After Remand of Taxpayer's Suit, Held Not Contempt.— In taxpayer's action against sheriffs, their bondsmen, and the fiscal court, to recover excessive sheriffs' commissions, that subsequent to remand by Court of Appeals for trial as against sheriffs and bondsmen, sheriffs, bondsmen, and fiscal court effected a settlement, without taxpayer's consent, held not contempt of Court of Appeals.

N. B. HAYS for plaintiff.

HUNT, NORTHCUTT & BUSH, SPENCE CARRICK and HUMPHREY, CRAWFORD & MIDDLETON for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Dismissing petition and motion for contempt rule.

Some time ago the petitioner, Paul E. Shipp, suing as a taxpayer and citizen of Fayette county, instituted actions against two former sheriffs, their bondsmen and the members of the fiscal court. Special demurrers were sustained and the petitions dismissed. These judgments were reversed and the causes remanded. Shipp v. Bradley and Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157. Upon return of the cases to the circuit court, general demurrers were sustained and the petitions were again dis-

missed. Upon appeal these judgments were affirmed as to the members of the fiscal court but reversed as to the sheriffs and their bondsmen and the causes remanded for a trial on the merits as to them. Shipp v. Bradley and Shipp v. Rodes, 210 Ky. 51, 275 S. W. 1.

After the mandates had been filed and pending trial in the circuit court settlements of all matters involved were effected by the sheriffs and the fiscal court, and in accordance therewith each sheriff paid to the county, $10,000.00. Amended answers were then filed pleading these settlements in bar of the further prosecution of the actions.

Thereupon Shipp by this proceeding in this court in which he styles himself as plaintiff and the sheriffs, their attorneys and the members of the fiscal court as defendants, seeks a rule against each of them to show cause why they shall not be adjudged in contempt of this court by reason of such settlements.

It seems to be the theory of counsel for Shipp that because this court has recognized his authority to maintain the actions and remanded them for trial on their merits, settlement by the fiscal court and the sheriffs of the matters involved without his consent is a contemptuous disregard of the mandates of this court. That such is not the case seems too obvious for argument.

Neither this court nor any other, so far as we know, has ever claimed or sought to exercise the power to prevent an amicable settlement by the parties of the matters in dispute in a pending action at any stage of the proceedings, and clearly such was not the intent or effect of our remanding these cases for trial on the merits. From time immemorial it has been the policy of the law of all peoples to encourage rather than oppose agreement among adversaries and this court is not inclined to depart therefrom. The question of the validity of such settlements is before the circuit court and not here, and we can neither express nor form any opinion upon that question. But we are clear that no ground whatever exists for contempt proceedings in this court; hence the motion therefor is denied and this proceeding dismissed.

The whole court sitting.