## Jefferson County ex rel., etc., v. Chilton.

(Decided March 6, 1934.)

HARRIS W. COLEMAN for appellant.

HERMAN G. HANDMAKER, BENJ. F. WASHER. and WALTER S. LAPP for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Constitution provides that:

"No public officer, except the governor, shall receive more than five thousand dollars [$5,000.00] per annum as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law."

Section 246, Constitution.

J. Matt Chilton was county attorney of Jefferson county from January 1, 1918, to June 27, 1927. Jefferson county brought this suit against Chilton to recover compensation paid him for each of these years in excess of the constitutional limit. Recovery was adjudged for the years 1923 to 1927, inclusive, but was denied for prior years on the ground that the claims for those years were barred by the five-year statute of limitations, and from that portion of the judgment the county appeals.

The limitation period for actions on an implied contract is five years. Section 2515, Kentucky Statutes. The statute applies to a case where a county judge or a member of the board of health has been paid compensation unauthorized by law. Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079; Commonwealth v. Richmond, 148 Ky. 849, 147 S. W. 913. There is no difference in principle between a county attorney and a county judge. Though each is a public officer, neither occupies such a confidential relation to the county as will suspend the statute of limitations. Nor can any distinction be made on the ground that in the case of Clark v. Logan County, supra, Clark as county judge had no right to receive the money, whereas Chilton as county attorney did have a right to receive the money, but no right to retain it. In each case the situation is simply one where an officer collected money which he had no right to retain. Where that is the case, the law implies a contract to return the money, and that is the real basis on which a recovery may be had. It follows that the chancellor did not err in applying the five-year statute of limitations.

Judgment affirmed.