# Commonwealth, for Use and Benefit of Daviess County, v. Spurrier et al.

(Decided June 24, 1938.)

LOUIS I. IGLEHEART, H. A. BIRKHEAD and SIDNEY B. NEAL for appellant.

CARY, MILLER & KIRK for appellee Spurrier.

CLEMENTS & CLEMENTS and DAVIS, BOEHL, VISER & MARCUS for Hartford Accident & Indemnity Co.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

The Commonwealth of Kentucky for the use and benefit of Daviess county and M. L. Ogden, as treasurer of such county, are appealing from a judgment sustaining a demurrer to and upon their failure to further plead dismissing their petition against John William Spurrier and the Hartford Accident and Indemnity Company, surety on his official bond as county road engineer of Daviess county.

By their petition appellants sought to recover of Spurrier and the surety on his official bond $8978.92, the aggregate amount of claims allowed by the fiscal court of Daviess county which, as alleged, were fraudulent and which had been wrongfully and unlawfully certified as valid claims against the county for labor, equipment and supplies purported to have been used on the roads and bridges in the county but all of which were without consideration and no part of the proceeds of same was paid to persons mentioned as payees in warrants issued by Daviess county on such claims.

Necessarily the only ground for reversal that is or could be urged is that the petition states a cause of action and that the court erred in sustaining the demurrer to and dismissing it. It is the contention of appellee that fiscal courts are courts of record and that its judgments and orders are not subject to collateral attack; that this is a collateral attack on the orders of

the fiscal court allowing the claims complained of and therefore the judgment appealed from was correct.

Fiscal courts are courts of limited jurisdiction and can do only such things as they are permitted or authorized by statute to do. Included in the jurisdiction conferred on such courts by statute is the authority to appropriate money for the construction, repair and maintenance of county roads and bridges. Kentucky Statutes, section 1840. Section 4333, Kentucky Statutes, provides in substance that claims of contractors or others growing out of the construction, maintenance or repair of county roads or bridges shall be certified by the county road engineer and if found correct, shall upon order or warrant of the court, be paid by the treasurer or sheriff; that the road engineer shall not certify such claims until upon examination he finds that the provisions of the contract have been strictly complied with. Unquestionably, under the sections of the statute hereinbefore referred to the fiscal court of Daviess county had authority to allow the character of claims referred to in the petition when certified by the county road engineer.

When we come to a consideration of the methods of procedure to be followed to avoid an order of the fiscal court in appropriating funds of the county, there is, on first impression, a conflict and confusion of opinion but when the cases are carefully examined it will be found that they are in harmony insofar as appropriations authorized by law are concerned. Respecting the method or procedure to avoid orders of the fiscal court appropriating money in Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514, it is said (page 516):

"* * * If there was authority of law to make a payment, the orders making the allowance were not void, and the only relief is by appeal."

In Bell Fiscal Court et al. v. Helton, 258 Ky. 219, 79 S. W. (2d) 683, where a claim of the jailer of the county was involved, the court referred with approval to the quoted portion of Mills et al. v. Lantrip, supra, and continuing said (page 684):

"Here there was authority of law for the payment of each of the claims, and having been allowed by the fiscal court, none of them may be collaterally attacked."

In Grayson County v. Rogers, Ky., 122 S. W. 866, after referring to statutes relating to the minutes or orders of the fiscal court, it is said (page 869):

"It is manifest from these provisions, not only that the court must keep a record of its proceedings, but that it can only speak by its records. If, by clerical misprision or otherwise, the record does not speak the truth, the court may correct it; but, unless the court does correct it, it is conclusive in collateral proceedings."

Clearly, the case of Desha's Adm'r v. Harrison County, 141 Ky. 692, 133 S. W. 545, in which a claim allowed by the county court clerk was involved, is conclusive of the question presented. In this case it is said (page 546):

"So long as the record in the Harrison fiscal court remains, no oral evidence can be introduced in a collateral proceeding attacking its verity and correctness. If the county conceives that a fraud has been perpetrated upon it, it must overthrow this record in a direct proceeding before it can proceed against Desha or his bondsmen to recover the money which he received under it. The county attorney may, upon notice to the personal representatives of Desha, take steps in the fiscal court to have the order in question set aside, and either party may prosecute an appeal to the circuit court from the action of the fiscal court upon such motion or proceeding."

Counsel for appellants tacitly at least, concede the rule enunciated in the foregoing authorities but argue that Spurrier is estopped from defending on the ground that this action is a collateral attack upon the orders of the fiscal court. The cases of Pulaski County v. Richardson, Treasurer, 225 Ky. 556, 9 S. W. (2d) 523, and Jett v. Jett, 171 Ky. 548, 188 S. W. 669, are cited. The former is an action to recover from the county treasurer money paid out by him in direct violation of the orders of the fiscal court. The judgment of the lower court sustaining a demurrer to the petition was reversed. No question of estoppel was involved or referred to nor does that opinion furnish authority for upholding an action of this character, since, in that instance the action was not a collateral attack on the

468

orders of the fiscal court appropriating money but a direct action to recover of the treasurer funds of the county that he had misapplied. The latter case cited by appellants is dealing generally with the doctrine and principles of estoppel. Whatever may have been the conduct of the road engineer in certifying claims made out by subordinates or even by himself it would not operate to estop him or his surety from challenging an incorrect method of procedure, and no authorities are cited or found that expressly or inferentially so indicate.

Judgment affirmed.