## Davis, Sheriff, etc. v. Walker, Sheriff-Elect, etc., et al,

(Decided January 15, 1926.)

### Appeal from Franklin Circuit Court.

1. Taxation—Duties of Outgoing and Incoming Sheriffs Relative to Uncollected Taxes Stated.—In view of Acts 1924, c. 108, as amended by Acts 1924, c. 121, it is duty of outgoing sheriff to deliver to incoming sheriff all records, including delinquent tax bills, on first Monday in January, and incoming sheriff must accept and take over all records of office, and must restrain for collection all tax bills unpaid after December 31, and outgoing sheriff must settle with county treasurer and state auditor immediately on completion of office only for so much of taxes as were actually paid to him.

2. Appeal and Error—Court of Appeals will Not Determine Matters which Are Not Presented by Pleadings.—Court of Appeals will not determine matters which are not presented by the pleadings, and will modify judgment so as to confine it exclusively to adjudication of matters contained in pleadings.

3. Taxation—State Auditor, as Representative of Commonwealth, is Not Entitled to Know Total Amount of Income of Sheriff's Office.—State auditor, as representative of Commonwealth, is not entitled to know amount of total income from sheriff's office, since his duties would be performed when he received from the sheriff settlement of all taxes actually collected by him up to time of making report.

GUY H. BRIGGS and R. W. KEENON for appellant.

J. W. MILAM for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

This action was brought under the Declaratory Judgment Act by appellant and plaintiff below, Tom Davis, the outgoing sheriff of McCreary county, against the appellee and defendant below, G. C. Walker, the sheriff-elect for the same county, and its treasurer, and Hon. W. H. Shanks, state auditor. The sole relief sought was an adjudication of the rights and duties of plaintiff and his successor in office, the defendant and incoming sheriff, pertaining to the collection of delinquent taxes for the state, county and other taxing authorities, and as to the duty of plaintiff in making settlements with such taxing authorities, for which he was collector, and obtaining his quietus therefrom upon retiring from office and the installation of his successor. It was also sought to obtain the judgment of the court as to the duties and powers of the incoming sheriff with reference to accepting from his predecessor the uncollected tax lists and himself thereafter proceeding to collect the delinquent taxes, with penalties and interests as provided by law. The learned judge of the circuit court upon submission rendered this judgment:

"This day came the defendant, G. C. Walker, and filed herein his answer. The defendants, J. E. Stephens, treasurer of McCreary county, and W. H. Shanks, the auditor of the Commonwealth of Kentucky, entered their appearance. The case then being submitted to the court upon the pleadings and plaintiff's demurrer to the defendant, G. C. Walker's answer, and the court being advised, is of the opinion that it is the duty of the plaintiff, Tom Davis, to deliver to the defendant, G. C. Walker, all records in his office, including delinquent tax bills, on the first Monday in January, 1926, the plaintiff, has no right to exercise any further duties as to the office of sheriff of McCreary county; that it is the duty of the defendant, G. C. Walker, to accept from plaintiff and take over all of the records of said office, including the delinquent tax list, and the duty of the said defendant, Walker, to distrain for the collection of all tax bills remaining unpaid after December 31st, 1925; that it is the duty of the plaintiff to make his settlement with the treasurer of McCreary county and with the defendant, W. H. Shanks, auditor of the

Commonwealth of Kentucky, immediately upon the completion of his term of office; that it is the duty of the plaintiff to collect from any delinquent taxpayer the unpaid taxes after December 31st, until the qualification of the defendant, Walker, on the first Monday in January, and the duty of the defendant, Walker, to collect any unpaid taxes from the delinquent taxpayers after he qualifies on the first Monday in January, 1926; that the plaintiff is not entitled to receive any compensation for distraining for any uncollected taxes or for advertising the delinquent taxpayers, and, that his fee is to be paid to the defendant Walker.

"It is further adjudged that it is the duty of the plaintiff, in his settlement with the auditor of the Commonwealth of Kentucky and the treasurer of McCreary county, to make settlement for only so much of the taxes as have been actually paid to said plaintiff by the taxpayers of McCreary county; that it is the duty of the plaintiff in making his settlement with W. H. Shanks, auditor, to furnish a statement showing the total receipts from all sources received by him during the year 1925, and to also submit to the said Shanks, as auditor, the total expenses incurred by him during said year 1925; that the said auditor is to be governed as to the expenditures of the sheriff in reference to salaries and other office expenses as allowed by the fiscal court of McCreary county, and the said auditor will allow the said Davis credit for all the sums so allowed by the fiscal court for expenses and deputy hire."

It, in so far as it relates to the duties of both the outgoing and incoming sheriffs as collectors of taxes, conforms to the recent opinion of this court in the case of Carl v. Thiel, 211 Ky. 328, which had under consideration only chapter 108, page 321, of the Acts of 1924, and which act was expressly confined to the fiscal year 1925, being supplanted by chapter 121, page 430 of the same 1924 Acts for future years. The conclusion in the Carl case (that it was the duty of the outgoing sheriff to deliver his uncollected tax books, stubs, etc., to his successor upon the latter's qualification and to settle for only the taxes that he had collected up to that date and obtain his quietus), is fortified by a provision in chapter 121, *supra*, amending section 4130 of the 1922 edition of Carroll's

Kentucky Statutes. By the terms of that section before the amendment of it contained in chapter 121 of the 1924 Acts, the sheriff was not required to execute his revenue bond before the first day of March in each year, at which time he received the tax books from the county court clerk and the taxes became payable. The amendment in chapter 121 changes the time when such bond shall be executed by saying: ''The sheriff or collector shall, on or before the first day of January next succeeding his election, and on or before the first day of June in the following year and in each year thereafter, enter into bonds with sureties for the faithful performance of his duties.'' The time when taxes become collectible was not changed by chapter 121, and the only purpose that the legislature could have had therein requiring the bond to be executed on or before the first day of January was to secure the taxing authority, for which the sheriff was collector, for the uncollected delinquent taxes that the outgoing sheriff turned over to his successor in office. Prior to that time the outgoing sheriff had the entire month of December within which to restrain and levy for the purpose of collecting delinquent taxes, and he was presumed to exhaust his remedies and collect all the collectible taxes by the time he retired from office and he made his final settlement upon the basis of that presumption. So that, under the former statute, there was no collection of taxes immediately going into the hands of the newly qualified sheriff and he received none until March 1 thereafter. But when chapter 121 was enacted it was known that under provisions of chapter 108 of the 1924 Acts there would come into the hands of the incoming sheriff uncollected delinquent taxes, and provision was accordingly made whereby he should execute bond to secure the faithful performance of his duties in collecting such taxes.

But neither chapter 108, nor 121, of the 1924 Acts dealt with any of the duties of the sheriff's office except as collector of taxes, and what was said in the Carl case was intended to be confined exclusively to the duties of the retiring sheriff as a collector of taxes and not to define his rights with respect to other duties pertaining to his office upon his retirement therefrom. Neither do the pleadings in this case seek a declaration upon the rights of either the retiring or incoming sheriff, except the duties appertaining to the collection of taxes. Therefore, when the learned trial judge attempted to adjudicate the rights and duties of the parties upon matters not relating

to the collection of taxes he departed from the scope of
the pleadings and attempted to determine matters not
touched by either of the chapters of the 1924 Acts, *supra,*
since they both relate exclusively to the collection of
taxes, and the law with reference to other matters and
duties of the sheriff remains as it was before the enact-
ment of either of those chapters, but which we do not at-
tempt to define in this opinion, since they are not pre-
sented, and the judgment appealed from will be mod-
ified so as to confine it exclusively to an adjudication of
the duties as to the collection of taxes.

However, upon the latter subject the court adjudged
that it was the duty of plaintiff as an outgoing sheriff in
making his settlement with the auditor of public accounts
"To furnish a statement showing the total receipts from
all sources received by him during the year 1925, and to
also submit to the said Shanks, as auditor, the total ex-
penses incurred by him during said year 1925," and the
judgment then prescribed how the auditor shall be gov-
erned in estimating the legitimate expenses of the retir-
ing sheriff.  The purpose of that requirement in the judg-
ment, we infer, was to inform the auditor as to whether
the fees and other sources of revenue to the sheriff ex-
ceeded the constitutional limit of $5,000.00, and to enable
him to settle with the sheriff upon the basis of such excess
income.  But we held in the recent case of Shipp v.
Bradley, 210 Ky. 51, that the Commonwealth was not en-
titled to any part of the excess income of the sheriff above
the constitutional limit and it would necessarily follow
that the auditor, as representative of the Commonwealth,
is not entitled to know the amount of the total income
from the sheriff's office, since his duties would be per-
formed when he received from the sheriff in the settle-
ment all of the taxes that had been actually collected by
him up to the time it was made.  The court was, there-
fore, in error in requiring the sheriff to furnish such re-
port.

Wherefore, upon the filing of the mandate the judg-
ment will be modified as herein indicated, and it is af-
firmed as to all the adjudged matters pertaining to the
duties of the parties with reference to the collection of
taxes, but as to the indicated requirement in the report to
be made to the auditor the judgment is reversed, with di-
rections to set it aside.