## United States Fidelity & Guaranty Company v. Stambaugh.

(Decided March 15, 1927.)

### Appeal from Johnson Circuit Court.

1. Sheriffs and Constables.—Sheriff could not recover against surety company for defalcations of deputy, where surety company issued bond following written application of sheriff containing false statement that deputy was not at that time indebted to him.

2. Principal and Surety.—Law imposes upon employers making representations to others with view of having them become surety on fidelity bonds of employees, duty of fairly and truthfully stating facts known to them or which they may be able to discover by exercise of ordinary care.

3. Witnesses.—In action by sheriff against surety company on deputy sheriff's bond, testimony of sheriff as to what he told local agent of defendant with regard to uncollected tax receipts sufficient to make up deputy's defalcation at time of giving bond, held inadmissible, where agent was deceased.

4. Sheriffs and Constables.—Sheriff and deputies going out of office before taking effect of Acts 1924, c. 121, requiring him to turn over to incoming sheriff all uncollected tax receipts, alone had authority to enforce collection of uncollected tax receipts; surety on deputy's bond having no power to make collection.

5. Taxation.—In action against surety on deputy sheriff's bond, cause of action for uncollected tax receipts, representing in part money due from deputy to sheriff, cannot be asserted.

KIRK, KIRK & WELLS for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

At the November election, 1917, John Stambaugh was elected sheriff of Johnson county for a term of four years. On July 12, 1919, he appointed Grover Music as a deputy sheriff. Music executed a bond with personal surety for the year 1919, and executed bond with the United States Fidelity & Guaranty Company as surety

for the year 1920, and upon the expiration of that year a renewal certificate was issued extending the bond to include the year 1921. This action in equity was brought by John Stambaugh against Music and the guaranty company to recover a balance of $1,469.52, due, by Music as deputy sheriff, to him for the year 1921. On final hearing of the action judgment was entered in favor of the plaintiff against Music and the guaranty company. The guaranty company appeals.

The bond was issued upon a written application signed by John Stambaugh, which provided that the bond should be void if any of the answers in the application were false. Among the questions and answers in the application were these:

"Is there now or has there been any shortage due you by applicant? A. No. Is he now in debt to you? A. No. Have you any reason to know or suspect any previous defalcation or shortage by the applicant, or any circumstances tending to indicate that he is not a proper person to bond; if so give particulars? A. No."

The renewal of the bond was issued upon a written statement signed by Stambaugh stating that the books and accounts of Music were examined by him from time to time in the regular course of business and found to be correct in every respect; all the money or property in his control was accounted for, with funds on hand to balance his accounts, and he was not in default.

Music, when the bond was given, had defaulted for the year 1919 in the amount of $849.42, and Stambaugh now has a suit pending to collect this amount from his bondsmen. When the application for the renewal certificate was issued Music was behind to Stambaugh in the sum of something over $2,200.00. He afterwards paid Stambaugh $1,219.00 of this money, leaving a balance of something over $800.00, which is unpaid, on the year 1920. Stambaugh did not sue the company for this balance for the year 1920. He only sued for the balance due on the year 1921, and says that he did this because he took Music's honor for the balance due on the year 1920, and thought he ought not to look to the surety company for the money, as he had told them that Music was not in default when renewal of the bond was given.

The application was taken at Paintsville by the local agent and forwarded to the company for acceptance.

The company accepted the application and issued the bond upon the faith of the statements in the application. If the truth, as above set out, had been told in the application no prudent bonding company would have issued the bond in 1920 or granted the renewal in 1921. The fact that Stambaugh does not claim against it the balance due in 1920 in no wise affected the legal rights of the parties. For it would not have issued the bond or granted the renewal if the facts had been stated. The rule on the subject is thus stated in Bank of Hardinsburg v. American Bonding Company, 153 Ky. 592:

> "Where persons making representations to others, with the view of having them become surety on bonds guaranteeing the fidelity of their employes, the law imposes upon them the duty of making a fair exposition of the facts, as they are known to them or as they may be able to discover them by the exercise of ordinary care; and when the evidence indisputably shows, as in the case at bar, that the answers to the questions propounded were false and that the employer could, by the exercise of the slightest care, have discovered their falsity, but chose rather to make the statements of the employe, for whose benefit the bond was to be executed, the basis of his answer, than from personal knowledge acquired from investigation, he does so at his peril."

This principle has been announced by the court in a number of other cases and is the well settled law. American Bonding Co. v. Ballard County Bank, 165 Ky. 63; Fidelity & Columbia Trust Co. v. Kane, 182 Ky. 648, and cases cited; 21 R. C. L., p. 989-992.

Stambaugh testified on the trial, in substance, that when the bond was given Music had in his hands uncollected tax receipts sufficient to pay the amount he owed, and that this was true also when the bond was extended. He also testified that he told Judge Rice, the local agent of the guaranty company, these facts. But Judge Rice is dead and Stambaugh cannot testify for himself as to anything he said to him. The defendant's exception to this evidence was properly sustained, and it is, therefore, unnecessary for the court to pass on its materiality. On the admitted facts the guaranty company was not bound on the bond. The court should have dismissed the petition as to it.

There is proof in the record that Music, after the end of his term, delivered to Stambaugh his uncollected tax receipts, and that Stambaugh delivered these to Judge Rice, the local agent of the guaranty company; that Judge Rice delivered them to Music to collect and that Music later left them with his own attorneys. These uncollected tax receipts represented, in part, the money due by Music to Stambaugh. By the act of 1924 (Acts 1924 p. 430) the outgoing sheriff was required to turn over to the incoming sheriff all uncollected tax receipts, and was only responsible for the amount that he had collected and for those tax receipts which were once good but were not then collectible. Carl v. Thiel, 211 Ky. 328; Davis v. Walker, 212 Ky. 379. But the act of 1924 was amended in 1926, and the incoming sheriff, under the amendment, does not execute his revenue bond until March 1, so that under the present statute the outgoing sheriff cannot turn over to the incoming sheriff his uncollected tax receipts. Stambaugh went out of office in January, 1922, before the act of 1924 took effect. Under the statute then in force the outgoing sheriff finished the collection of his uncollected tax receipts after the end of his term. Stambaugh, and his deputies, had authority, therefore, to collect these taxes after the end of the term, and this was the only legal way to enforce the collection. The guaranty company had no authority to collect them. It could confer upon Music no authority to collect them. Stambaugh alone had the authority to collect them by himself or by a deputy. Music's only authority to collect them was as Stambaugh's deputy. This tax receipt matter is not alleged in the pleadings. The action is a suit on the bond, and this cause of action, if any, cannot be asserted in this action on the bond.

Judgment reversed and cause remanded for a judgment as above indicated.