# Commonwealth et al. v. Coleman, Co. Atty., et al.

(Decided November 4, 1932.)

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellants.

HARRIS W. COLEMAN and S. L. GREENEBAUM, Jr., for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The commonwealth of Kentucky appeals from a judgment awarding to Jefferson county the whole of certain excess fees.

Harris W. Coleman, county attorney of Jefferson county since November, 1927, filed in the Jefferson circuit court a petition for a declaration of rights, wherein it was alleged that he had as county attorney received fees in excess of those allowed by section 246 of the Constitution. It was further alleged that the county of Jefferson and the commonwealth of Kentucky were claiming title to these fees. The county of Jefferson, its fiscal court, and the individual members thereof were made parties defendant, as was the commonwealth of Kentucky, the Attorney General, the auditor of public accounts, and the state treasurer. The sums collected and involved in this controversy are:

| Year | Receipts | Salary | Expenses | Excess |
|---|---|---|---|---|
| 1928 | $18,768.57 | $5,000.00 | $874.19 | $12,849.38 |
| 1929 | 25,830.82 | 5,000.00 | 996.45 | 19,834.37 |
| 1930 | 29,627.34 | 5,000.00 | 962.72 | 23,664.59 |
| 1931 | 32,938.55 | 3,749.94 | 845.00 | 28,343.61 |

Total Excess ..............................$84,736.95

The commonwealth, the Attorney General, the auditor, and the state treasurer filed an answer, counterclaim, and cross-petition against Harris W. Coleman, Jefferson county, the fiscal court, and the members thereof. By this plea the commonwealth claimed all

of this money. A demurrer was interposed by Harris W. Coleman for himself and Jefferson county to this pleading. The court sustained this demurrer, and the commonwealth and others declined to plead further; their pleading was dismissed; and they sought and were granted an appeal.

As preliminary to a discussion of this issue, we wish to state the source of the income of the county attorney and the authority therefor:

(a) His salary, which is fixed by the fiscal court, and is payable monthly. Section 1072, Ky. Stats.

(b) Fees of $5 per diem for the examination of candidates for county tax commissioner, payable out of county funds. Section 4042a-11, Ky. Stats.

(c) Commissions of 20 per cent. of amount paid in redemption of land sold for taxes, which are paid to the county attorney by the county clerk. Section 4153, Ky. Stats.

(d) Penalties of 30 per cent. upon recoveries on proceedings against the sheriff for failure to collect from a delinquent taxpayer. Section 4151-4. Ky. Stats.

(e) Commission of 15 per cent. of the amount recovered in proceedings for the assessment of omitted property, which are paid by the sheriff to the county attorney when the judgments are collected. Section 4260b, Ky. Stats.

(f) A fee of $5 taxed as costs for him on all judgments for fines or forfeitures in favor of the commonwealth rendered by any police judge, when the county attorney is present and prosecutes and the fine imposed is less than $10. Section 133, Ky. Stats.

(g) A fee of $5 taxed as costs for him on all judgments for fines or forfeitures in favor of the commonwealth rendered by any county judge or magistrate where judgment is for $25 or less. Section 133a-1, Ky. Stats.

(h) Commissions of 30 per cent. of all judgments for fines and forfeitures in favor of the commonwealth, rendered by any police judge, when the county attorney is present and prosecutes; said commissions being payable by the state treasurer. Section 133. Ky. Stats.

(i) Commissions of 25 per cent. of judgments ren-

dered by circuit courts for fines and forfeitures, when the county attorney assists in the prosecution; said commissions being payable by the state treasurer. Section 133, Ky. Stats.

(j) Commissions of 40 per cent. of all judgments, fines, or forfeitures in favor of the commonwealth, rendered by any county judge or magistrate, payable by the state treasurer. Section 133a-1, Ky. Stats.

It will be observed that of the ten different sources of revenue outlined above that sources (a) to (g), inclusive, are paid direct to the county attorney, and we can see no imaginable reason why or how the state could claim them under the existing state of the law. The salaries of county officers is a matter which the Constitution requires shall be fixed by law, but for over 40 years the Legislature has failed to do so, attention to which was called in Holland v. Fayette County, 240 Ky. 37, 41 S. W. (2d) 651.

The sums coming to him from sources (h), (i), and (j) are paid to him by the state treasurer, and concerning these the state makes this claim:

"That all of said commissions belonged to the Commonwealth of Kentucky and were paid by the said Commonwealth by mistake; that neither the Auditor of Public Accounts, the defendant, Clell Coleman, nor the defendant Emma Guy Cromwell, State Treasurer, or any other officer of the Commonwealth of Kentucky, knew at the time that said respective sums were audited and paid that the said plaintiff, Harris W. Coleman, had at the same times collected his full compensation of $5,000.00 for the years in which said respective sums were paid. That neither of said claims or any part of either of them would have been audited or paid to said plaintiff if either the said Auditor or the Treasurer had known that at the time said claims were audited and paid, the said County Attorney had then collected his full $5,000.00 compensation for said respective years; and the defendant, Commonwealth of Kentucky, is entitled to recover the said sum of $2,880.20 from the said plaintiff."

There is nothing in this record to show how much money has come to the hands of the county attorney from each of these various sources; the county attor-

ney has merely grouped them together and stated how much he got each year from all these sources. The commonwealth groups together the receipts from sources (h), (i), and (j), and claims that in the four years the county attorney got from these three sources $2,880.20, but it is nowhere stated how much came from each source. Certainly since March 20, 1928, the commonwealth can claim no part of what was paid to the county attorney under source (j) for any commission that was paid to the county attorney on any judgment for fine or forfeiture rendered by the county judge, as it would be the duty of the treasurer to pay any such sum to Jefferson county. See section 1139a-1, Ky. Stats., which became effective March 20, 1928.

So our question narrows down to this: Can the commonwealth recover from this county attorney any sum earned by him arising from any sources other than commissions on judgments, fines or forfeitures in favor of the commonwealth rendered by the county judge after March 20, 1928. Of course, a salary to him of $5,000 per year and his reasonably necessary expenses cannot be touched by any one.

In Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157, we held the commonwealth could not recover from a sheriff excess fees paid him, that such excess went to the county, and we gave therein our reasons therefor. We have followed that ruling in other sheriff cases. Shipp v. Bradley, 210 Ky. 51, 275 S. W. 1; Com. v. Nunnelley, 211 Ky. 409, 277 S. W. 506; Carl v. Thiel, 211 Ky. 328, 277 S. W. 485; Davis v. Walker, 212 Ky. 379, 279 S. W. 654.

Also we had a jailer's case, Holland v. Fayette County, 240 Ky. 37, 41 S. W. (2d) 651, 655, in which we said:

"This excess is claimed by both the county and the state, and a very persuasive brief has been filed on behalf of the state. The county is but an arm of the state government; it is merely a subdivision of the state formed for administrative convenience; it is required by the state to erect and maintain a jail. It has no choice in the matter. It must have a jail, and must keep all prisoners therein, and, until the Legislature makes provision for the fixing of salaries of county officers as contemplated by section 106 of the Constitution, we shall follow and

adhere to our ruling in Shipp v. Rodes et al., 196 Ky. 523, 245 S. W. 157, and hence we hold the county is entitled to this excess.''

Following that, we had another jailer's case, Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606, in which we cited and followed Shipp v. Rodes and Holland v. Fayette County.

In Shipp v. Rodes the excess fees claimed by the commonwealth had never reached its hands, but had been retained by the sheriff out of taxes collected, while in Holland v. Fayette County and Taylor v. Todd a part of the excess fees received by those officers had been paid to them by the commonwealth.

We can draw no distinction between excess fees paid a county attorney and excess fees paid to a sheriff or a jailer; hence the trial court did not err in sustaining the demurrer to the commonwealth's pleading or in awarding these fees to Jefferson county.

Upon the legislative branch of our government, section 106 of our Constitution places the duty of fixing the salaries of county officers. We have heretofore been acting without assistance from that branch of our government, and have been awarding these excess fees to the counties, and the General Assembly at its 1932 session seems to have approved of our action in part at least. See section 2 of chapter 126, Acts of 1932, section 2240b-2, Ky. Stats.

Before closing this opinion, we wish to commend Mr. Coleman for having voluntarily reported and offered to return excess fees received.

The judgment is affirmed.