# City of Louisville v. Keaney, for Use and Benefit of Jefferson County, et al.

(Decided March 5, 1937.)

MARK BEAUCHAMP and WILLIAM MIX for appellant.

LAWRENCE GRAUMAN, County Attorney, and STUART E. LAMPE, Assistant County Attorney, for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This action was brought by Dr. Keaney, coroner of Jefferson county, Ky., for its use and benefit, and Jefferson county against the city of Louisville, under the Declaratory Judgment Act (Civil Code Prac. sec. 639a-1 et seq.), seeking a declaration as to the right in plaintiffs to recover against the defendant city certain statutory fees, alleged owing him under sections 532 and 1739, Kentucky Statutes, for inquests held, during the latter half of the year 1934, within the corporate limits of the city and as to the county's further right to recover of the city the sum of $140, alleged paid under mistake by the county to certain physicians as compensation for services rendered in making post mortem examinations, believed necessary by the coroner to be had during certain of these inquests held in the city.

Upon submission of the cause upon the city's demurrer to the petition, the chancellor declared the plaintiffs entitled to the relief sought by their petition.

Complaining of this judgment, the city has appealed, earnestly contending that section 532, Kentucky Statutes, imposing a liability upon it for payment to the coroner of the statutory fees provided by section 1739, Kentucky Statutes, for inquests conducted by him, as such county official, within the city, is (1) in violation of section 171 of the Constitution, forbidding lack of uniformity in taxation, and (2) that, even if sections 532 and 1739 of the Statutes are not to be held invalid and unconstitutional upon such ground, the court yet erred in its declaration in holding the plaintiffs authorized thereunder to recover such part of the statutory fees as were claimed owing for such of the inquests as were held by the coroner within the city during the year 1934, after receiving from the county and city payment of the maximum salary compensation allowable to him therefor, within the limitation of section 246 of the Constitution; and, finally, (3) that the court again erred in holding the county entitled to recover of the city the amount of its voluntary payment, alleged made by mistake, of compensation in the sum of $140 to certain physicians, employed by the coroner to make certain necessary post mortem examinations during inquests held by him within the defendant city.

The record discloses that many preliminary questions were raised by numerous motions, and pleading, of the defendant to strike from the petition certain matter therein, as irrelevant and improper under section 121 of the Civil Code of Practice; to make the petition more definite and specific, pursuant to section 134 of the Civil Code of Practice; and by special demurrer to the petition upon the ground of defect of parties plaintiff, under section 92 of the Civil Code of Practice, pursuant to which it was alleged neither of the plaintiffs had the right to maintain the action against the city. Also, defendant filed a general demurrer and objection to so much of the petition as sought a declaration of rights, upon the ground that in the same suit plaintiff also sought to recover a money judgment for the amount claimed, for which reason it moved to strike from the petition such part thereof as sought a declaration of rights and to then transfer the action to common law.

Upon all its motions and special demurrer being

overruled, the defendant, here appellant, filed answer, pleading its matter of defense in nine paragraphs and by its tenth prayed for a declaration of its rights as therein specifically set out.

Plaintiffs thereupon filed an amended petition, withdrawing so much of their petition as sought recovery in the action of a money judgment against the city, and further demurred to paragraphs 3 to 9, inclusive, of the answer, and moved to submit the action for a declaration of rights in accordance with the prayer of the petition as amended, and the prayer of paragraph 10 of the answer, joining in asking for a declaration of rights.

It appears that the court thereupon somewhat summarily sustained the plaintiffs' demurrer to the answer and also their motion to submit upon demurrer, whereupon it entered judgment for plaintiffs, holding them entitled to the full measure of relief prayed for in their petition.

As to the propriety of the court's complained of rulings made upon the several preliminary motions, whatever the merit of appellant's criticism that they were irregular and made without due consideration of its pleaded defenses, we deem it unnecessary to enter upon a discussion of the point so raised by appellant's criticism, in view of the conclusion we have reached on a consideration of the merits of this appeal.

We will therefore now turn our attention to the discussion and disposition of the principal objections and contentions here so earnestly urged and argued by appellant, and with like skill parried and resisted by appellees, in the most excellent and scholarly briefs with which learned counsel for both sides have here favored us.

Appellant's first objection, that the court erred in overruling its general demurrer to the petition, challenges the validity of section 532, Carroll's Kentucky Statutes, imposing on the city a separate liability for the coroner's statutory fees for inquests held in the city, or "the right of the Legislature under the Constitution to make cities of over 30,000 population liable for the fees of the coroner for inquests held in such cities." Said section of the Statutes so providing is as follows:

"Sec. 532. *Post mortem; fees when paid by county; when by city.*—When in the opinion of the coroner, it shall be necessary to have a post mortem examination of a dead person during an inquest, he may employ a competent surgeon or physician for that purpose; and when he has reasonable grounds to believe that death has been produced by poison, may employ a competent chemist to analyze the stomach of the dead person. The fiscal court of the county in which the body is found shall pay to any physician, surgeon or chemist employed a reasonable compensation for their services. All the expenses of an inquest held in a city of over thirty thousand inhabitants shall be paid by such city."

Appellant, at the outset of its argument, attacking the constitutionality of this section, frankly discloses that when this question was recently before us in the recent case of Whittenberg v. City of Louisville, 238 Ky. 117, 36 S. W. (2d) 853, 855, we upheld its validity, there saying:

"In Grinstead v. Carter, 181 Ky. 331, 204 S. W. 87, sections 532 and 1739 were construed and it was expressly held that section 532 was valid, and that the city of Louisville was liable for the fees of the coroner for inquests held within the city."
Further, it was there said:

"This appeal involves the construction of section 246 of our Constitution, which reads: 'No public officer, except the governor, shall receive more than five thousand dollars [$5,000.00] per annum as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law.' "

Further, the court, in there answering the contention of appellee (the city of Louisville) that section 532 of the statutes was unconstitutional as lacking uniformity in its "imposition of tax" and as amounting to double taxation, referred to and distinguished the cases there relied on by appellee in support of its contention and which it happens are the very same ones upon which the appellant here mainly relies and bases its contention as follows:

"Appellee suggests that so much of section 532 of the Kentucky Statutes as provides that all the expenses of an inquest held in a city of over 30,000 shall be paid by such city, violates sections 181, 181a, and 171 of the Kentucky Constitution, and Campbell County v. City of Newport, 174 Ky. 712, 193 S. W. 1, L. R. A. 1917D, 791, and District Board of Tuberculosis Sanitarium v. City of Lexington, 227 Ky. 7, 12 S. W. [2d] 348, are relied on. The Campbell County Case involved the payment of one-half of the expenses of the juvenile court of the county by the city of Newport and the Tuberculosis Sanitarium Case involved support of the county institution by the city, and it was held in these cases that to require a city to furnish by taxation a part of the funds to pay a county officer or support a county institution, in addition to the general fund of the county to which the city had contributed by taxation, would amount to double taxation, in that the property in the city would be twice taxed for the same identical purpose and by the same identical authority. That is not the result under section 532 of the Statutes. Under that statute the county pays for inquests held in the county outside the city, and the city pays for inquests held within its corporate bounds. The coroner is paid for each inquest. While the city contributes to the general fund of the county out of which the inquests held in the county are paid, in no instance does it pay twice for a single act."

The appellant, despite such adjudication in the Whittenberg Case, yet contends that the two above cases so distinguished do not justify the conclusion reached for the reason the argument is repeated that, "if the City of Louisville, which is a part of Jefferson County, pays its part of the Coroner's compensation for holding inquests in the County, then to require it to pay all of the compensation of the Coroner for holding inquests in the City would be taxing the property of the City twice for the same purpose, that is, paying the compensation of the Coroner, and would certainly not be a uniform tax as the Constitution provides for."

However, being of the confident belief, notwithstanding such forceful criticism, that this question was

properly and definitely adjudicated in the Whittenberg and Grinstead Cases, we decline to reopen or reconsider its determination there made.

Appellant's next objection is that the court erred in overruling its demurrer to the petition, where it was admitted and shown that the plaintiffs sought to recover the statutory fee of $12 per inquest, as provided by section 1739 of the Statutes, for 353 inquests held in the city in the latter part of the year 1934, and others after he had already received fees, paid him by the county and city for inquests held by him in both during the earlier part of the year, amounting to a maximum compensation or salary of $5,000, allowable under section 246 of the constitution.

It is alleged in the petition, and admitted by appellees, that Dr. Keaney served as coroner for Jefferson county during the year, 1934, and that during the first five months thereof he held some 55 inquests in the county outside of Louisville and some 399 inquests within the city, upon which he was paid by the county and city a maximum salary or compensation of $5,000, and that during the succeeding months of that year the coroner held within the city 353 additional inquests, for which he sought a further recovery against it of the statutory fees provided by section 1739 therefor, and also the unpaid balance of fees due on some thirty odd inquests held therein during the earlier half year period, or a total sum of $4,240, in excess of the $5,000 he had already received as the maximum compensation allowable under section 246 of the Constitution for his coroner's services rendered in that year.

Further the petition alleged that, inasmuch as the coroner was not entitled to retain these excess fees earned by him when collected, as being beyond the constitutional limit of $5,000, but must account to the county therefor, the plaintiff county was entitled to recover this excess amount earned against the city.

Defendant's demurrer to the petition, on the grounds that it failed to set out a cause of action against it, having been overruled, it answered, alleging in its final or tenth paragraph that even should the court rule that the city was liable under section 532 of the Statutes to the coroner for inquests held therein, it could

only be held liable for payment of the statutory fees owing for such inquests held therein as their total amount did not exceed in any one year, as owing to any one coroner, the maximum sum of $5,000; that under section 246 of the Constitution the coroner of Jefferson county cannot collect or demand fees in excess of such amount from the county and city of Louisville for inquests held in any one year; and that it appearing that he had, before filing this suit, received during the calendar year 1934 such maximum sum, it resulted that neither he nor the county could be declared entitled to recover from the defendant fees for holding inquests in said year, where, if allowed, his year's compensation would go beyond such constitutional limitation of $5,000. Further, it alleged that section 532 of the Statutes, enacted by the Legislature of Kentucky in 1892, had been contemporaneously construed by both the county and city to mean that the coroner of Jefferson county could not charge or collect from the county and city, in any one year, fees for holding inquests in excess of $5,000, the constitutional limitation, and that such rule of contemporaneous construction was now controlling.

As against such contention, the learned chancellor, upon submission of the cause upon demurrer, declared that the coroner was entitled to receive and collect of the city of Louisville all fees earned by him, pursuant to sections 532 and 1739, Kentucky Statutes, in conducting inquests within the corporate bounds of the city during each calendar year regardless of their total amount, even though they should in their aggregate amount exceed the constitutional limitation of $5,000: that the defendant city is obligated and required under the statutes to pay such fees though aggregating over $5,000 to the coroner; and that, upon it so eventuating, he is required to account to the county of Jefferson for all such fees received by him during a calendar year in excess of $5,000.

Appellant criticizes this holding as erroneous, upon the ground that the appellee county official is by it permitted to collect fees of the city in excess of $5,000, entirely under and upon the basis of the provisions of sections 532 and 1739, imposing such fee liability for inquests held within the city, regardless of the fact that no claim is made that the city has employed him

to render such service to it or that the amount of the fees sought to be recovered was in excess of the constitutional limitation as to the maximum amount of salary payable to any official during any one year's term, save that of the Governor.

Appellant argues that the claim made by appellees is not based on any service rendered the city of Louisville as such, or for which Dr. Keaney was employed by it, but is a liability solely imposed by and resting upon the provisions of section 532 of the Statutes, making the city liable to the county coroner for inquests held in the city, though a character of service from which it receives no special benefit, or one that does not equally apply to the whole county; that conceding the authority of the Legislature to impose a liability upon the city to ratably pay the coroner's salary, to the extent of paying the statutory fees imposed upon it for inquests held by him within the city, up to the point of his receiving the maximum amount allowed under the Constitution, which it has paid, it was clearly without authority to impose a liability upon it, as here contended for by appellees, of paying this county official any further amount of fees in excess of the constitutional limit of his official compensation; and that it was, only to such extent, so expressly decided in the Whittenberg Case, supra.

Further, appellant insists that the Legislature has no power under the Constitution to make the city pay fees in excess of the constitutional limit, which it is admitted the coroner cannot keep, but is yet sought for the sole purpose of permitting the county to benefit to the extent of such excess at the expense of the city; that such construction of section 532 of the Statutes would result in permitting the county to benefit (or in effect levy a tax on the city, a part of the county) to the extent of excess fees earned by the coroner and that for such reason section 532, having due regard to the inhibition of the Constitution, must be construed as one by which the Legislature only intended, in enacting it, to make the city liable for such fees of the coroner as he could collect or was legally entitled to receive as such officer under the Constitution.

Appellees, in support of their claim here made of the county's and coroner's right to collect of the city statutory fees in excess of the constitutional limita

tion, as inuring to the benefit of the county, cite and insistently rely on the Whittenberg Case, supra, but we do not conceive that appellees' contention is sustained or upheld by that case, as such question was neither presented nor decided.

There, both Dr. Carter and Dr. Whittenberg had served as coroner in the county during the year 1927, Dr. Whittenberg having been appointed in June of that year to fill the vacancy caused by the setting aside of Dr. Carter's election. Dr. Carter had received fees during the period of some five months he acted as coroner amounting to $4,584, while his successor, Dr. Whittenberg, who served as another or second cononer during the remainder of the year, earned in fees for inquests held by him $4,080, upon which he had been paid $2,568, but was refused payment by the city of the balance of $1,512, owing by the city for inquests held by him therein.

In a suit to recover this unpaid balance, judgment went for the defendant in the lower court, which upon appeal was reversed, the court saying:

"The lower court reached this conclusion by construing the limitation in section 246 of the Constitution as applying to the office rather than the individual holding the office. The section plainly provides, however that 'no public officer * * * shall receive more than five thousand dollars ($5,000.00) per annum as compensation for official services * * * We are convinced that the section in question means exactly what it says, and applies to the officer and not to the office. The purpose of the constitutional provision in question is to prevent any officer from receiving compensation in excess of $5,000.00 during any year."

For such reason, it was held that Dr. Whittenberg, not having received fees for inquests held by him as coroner during the year 1927 to the maximum amount allowed by the Constitution, should recover the unpaid amount showed owing him or a total sum of $4,080 in fees earned by him as coroner or for the year a total compensation within the constitutional limitation.

Unlike Dr. Whittenberg, the officer in the instant case is attempting to recover of the city fees earned in excess of the constitutional limitation as to the com-

pensation he can receive for the one year's service. The answer to this being that he is not allowed to collect compensation in excess of such maximum amount, he replies, by way of avoiding the inhibition of the Constitution, that he is seeking to collect it from the city, as a liability imposed on it by the statute, for the use and benefit of the county.

We are clearly of the opinion that the learned trial court erred in declaring that the plaintiffs below were entitled to do this under the authority of section 532; or that the Legislature intended by such provision to authorize the county to recover for its benefit, upon the liability there imposed upon the city, fees in excess of the maximum compensation allowed the coroner for his year's service.

Appellees contend that should we so hold, we would overrule Shipp v. Bradley, 210 Ky. 51, 275 S. W. 1; Holland v. Fayette County, 240 Ky. 37, 41 S. W. (2d) 651; Commonwealth et al. v. Coleman, 245 Ky. 673, 54 S. W. (2d) 42; Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157; Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606, and others there named. However, we conceive those cases are clearly distinguishable both in facts and the legal principles there involved, and therein held to authorize granting a recovery for services rendered or for which officials were employed by an individual or a branch of the government. Where such was the situation, as presented in those cases, it was held that it was no defense to such a claim that the officer had or was collecting fees in amount more than the constitutional limit, for which as a county officer he should account to the county for the excess; that in such case, where the services were rendered to and received by the individual or branch of government, they would not then be allowed to raise the question of the constitutional limitation as a defense against paying therefor, in that, having employed the officer and received the services for which the payment of fees was due, it was no longer a matter of its concern as to whether the official to whom such excess compensation was owing could retain the same or would be required to account for the excess to the county.

Appellant's final criticism relative to the directed recovery by the county of the post mortem fees from

the city, which it alleges it mistakenly paid to the coroner, we conceive is also meritorious. This exact question was presented in the Grinstead v. Carter Case, supra, wherein this section 532 of the Statutes was involved and construed, when it was held adversely to appellees' contention here presented that payment of fees for post mortem examinations made during inquests held by the coroner within the city becomes the liability of and rests upon the county, the language of the opinion being as follows:

"Since Section 532, supra, deals only with inquests on unburied bodies, and section 537a, supra, deals only with inquests on bodies that have been buried, it is clear that there is no inconsistency between the two acts, and that the provision of section 537a, supra, making the county liable for inquests held on unburied bodies, did not have the effect of repealing that portion of section 532, supra, providing that 'all the expense of an inquest held in a city of over thirty thousand inhabitants shall be paid by such city.' We therefore conclude that the expense of making post mortem examinations and chemical analyses, whether of buried or unburied bodies, as well as the expense of holding inquests on buried bodies, is payable by the county, but that the expense of holding inquests on unburied bodies found in cities of over 30,000 inhabitants is payable by the city."

Numerous other minor questions are referred to and briefly discussed in briefs, but inasmuch as we conceive our consideration of them is not here needed, we will not extend the opinion by their discussion, in view of the fact of our having already here determined the real or principal issues involved.

It is therefore our opinion that the learned chancellor's conclusions being not in harmony with those reached by us, for the reasons indicated and because of his error in overruling defendant's demurrer to the petition, his judgment should be and it is reversed.

Whole court sitting.